IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PROUD VETERANS, LLC,**

        **Plaintiff,**

  **v.**                                           Case No. 12-CV-1126-JAR

**ARI BEN-MENASHE, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff's Complaint in this diversity case alleges conspiracy to defraud, breach of contract, breach of fiduciary duty, and seeks to pierce the corporate veil.[1] Defendants have filed motions to dismiss, alleging a lack of personal jurisdiction, improper venue and failure to state a claim.[2] This matter currently comes before the Court on Plaintiff Proud Veterans, LLC's Motion for an Order Providing for Jurisdictional Discovery (Doc. 22). Plaintiff moves the Court for an order permitting and scheduling discovery on facts material to the issue of the Court's personal jurisdiction. Defendants dispute the Court's personal jurisdiction over them and oppose Plaintiff's request for jurisdictional discovery.[3] The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants the motion.

Plaintiff is seeking an order allowing it to conduct jurisdictional discovery in its tort case

---

[1]Doc. 1.

[2]Docs. 4, 9, 11, 15 and 17.

[3]Doc. 24, Joint Objection of all Defendants to Plaintiff's Motion for Jurisdictional Discovery.

for fraud allegedly perpetrated against it in Kansas and for its breach of contract claim that it alleges was partially performed in Kansas. Because all Defendants filed motions to dismiss, no answers have been filed, no scheduling conference has been set, nor has any discovery been conducted. Declarations/affidavits were submitted by all Defendants in support of their motions to dismiss.[4] Plaintiff alleges that important material evidence, such as bank records and the sworn testimony of third-party witnesses, is not available to Plaintiff without discovery. Plaintiff further alleges that the contradictory declarations and affidavits in this case establish that the pertinent jurisdictional facts are controverted or at least a more satisfactory showing of the facts is necessary. Defendants object to Plaintiff's request for jurisdictional discovery.[5]

The Court finds that limited jurisdictional discovery is warranted in this case. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[6] In the Tenth Circuit, this Court may not refuse to grant jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[7] Plaintiff has pointed to pertinent jurisdictional facts that are controverted, which is sufficient to warrant discovery. Accordingly, Plaintiff's request for jurisdictional discovery is granted and the parties shall have until January 31, 2013 to complete discovery relevant to this issue. Thereafter, the parties can request a hearing on the various motions to dismiss that are pending before the Court.

---

[4]Docs. 5, 10, 12, 16, 18.

[5]Doc. 24.

[6]*Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

[7]*See, e.g., Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (citing *Sizova*, 282 F.3d at 1326).

2

The discovery shall be narrowly tailored to the issue of whether any of the Defendants are subject to the Court's jurisdiction and whether venue is proper.[8]  Discovery shall not include issues related to Plaintiff's substantive claims in this case.  Furthermore, the Court finds that Defendants should not be required to travel to Kansas for depositions or be required to make documents available in Kansas.[9]  Plaintiff will either need to travel to New York or some other mutually agreeable location, or conduct the depositions via videoconference.  Fed. R. Civ. P. 30(b)(4) clearly permits the taking of depositions by telephone or "other remote means," "which the Court construes to include depositions by videoconference."[10]  Conducting the depositions by videoconference addresses the concerns associated with telephonic depositions, such as depriving the opposing party of the opportunity for face-to-face confrontation or the opportunity to evaluate the deponent's nonverbal responses and demeanor.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Proud Veterans, LLC's Motion for an Order Providing for Jurisdictional Discovery (Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that discovery shall be limited to the issue of personal jurisdiction and venue and shall not include the substantive claims in this case.

**IT IS FURTHER ORDERED** that Defendants shall not be required to travel to Kansas

---

[8]Plaintiff supplemented its request for jurisdictional discovery to include issues concerning venue.  *See* Doc. 25.

[9]*See Citimortgage v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012) (noting the general rule that the "initial presumption [is] that a defendant should be examined at his residence or the principal place of business," and stating that the court may determine the proper location for the deposition from the facts and equities of the case then before it) (quoting *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999)).

[10]*Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 601 (D. Kan. 2012).

[11]*Id.* at 602.

3

for depositions or be required to make documents available in Kansas.

**IT IS FURTHER ORDERED** that limited jurisdictional discovery shall be completed by January 31, 2013.

**IT IS SO ORDERED.**

Dated: December 21, 2012

                              S/ Julie A. Robinson

                              JULIE A. ROBINSON

                              UNITED STATES DISTRICT JUDGE