# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **PROUD VETERANS, LLC,** ) ) ) ) **Plaintiff,** ) ) v. ) ) **ARI BEN-MENASHE, et al.,** ) ) **Defendants.** ) ) ) | Case No. 12-CV-1126-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Transfer Case (Doc. 39) and the Motion to Withdraw filed by Plaintiff's counsel (Doc. 41). On February 27, 2014, the Court entered its Memorandum and Order granting Defendants' Motion to Dismiss for lack of personal jurisdiction,[1] but the Court delayed dismissal of this action to allow the parties to address whether transfer of the case would be in the interest of justice. For the reasons set forth below, the Court finds that transfer is not warranted in this case and denies the Motion to Transfer.

Plaintiff has now filed a motion to transfer the case pursuant to 28 U.S.C. § 1631 to the United States District Court for the Southern District of New York, claiming that the action could have been brought there originally. 28 U.S.C. § 1631 provides that when "a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it

---

[1] Doc. 38.

was filed."[2]

The transferor court must "first satisfy itself that the proposed transferee court has personal jurisdiction over the parties."[3] "If so, even though "§ 1631 contain[s] the word 'shall,' . . . the phrase 'if it is in the interest of justice'. . . grant[s] the [transferor] court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."[4] The factors the Court should consider in determining whether transfer would be in the interest of justice include "whether the claims would be time barred if filed anew in the proper forum, whether the claims were filed in good faith or if . . . it was clear at the time of filing that the court lacked the requisite jurisdiction."[5]

Plaintiff claims that the action could have been originally brought in the United States District Court for the Southern District of New York. Plaintiff bears the burden to establish that the proposed transferee court—here the United States District Court for the Southern District of New York—would have personal jurisdiction over the Defendants.[6] In support of this argument, Plaintiff alleges that Defendant Traeger Resources and Defendant Dickens & Madson are both incorporated in New York, and that Defendant Ben-Menashe owns real estate in New York. However, Defendants allege that Defendant Ovsjannikovs is a stateless Russian Latvian living in

---

[2]28 U.S.C. § 1631.

[3]*Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 793 n.16 (10th Cir. 1998)).

[4]*Id*. (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)).

[5]*Id*. (citations omitted).

[6]*Id*. (citing *Stanifer v. Brannan*, 564 F.3d 455, 459 n.1 (6th Cir. 2009) ("[I]n the absence of the ability to establish jurisdiction in the district in which the complaint was filed and faced with a motion to dismiss, it seems clear that the plaintiff would have the burden of proving grounds for a transfer.")).

2

Montreal, Canada; Andre Maritime is a Latvian company doing business in Canada; and that the New York corporations (Traeger Resources and Dickens & Madson) were not the entities involved in the transactions that form the basis of Plaintiff's claims, but rather the Canadian entities by the same names. Defendants state that:

> The New York corporations, the New York Secretary of State's website shows, were formed as domestic New York corporations in 2010. A similar search of the Quebec corporation registry shows entities by the same names have existed as Canadian entities since 2005. Consistent with Mr. Ovsjannikovs' Declaration which asserts that the Purchase and Sales Contract that is the basis of plaintiff's claim is with the Canadian company, that contract is expressly governed by the laws of Canada. Similarly, the release of Traeger Resources and Logistics and Dickens & Madson Canada Inc. signed by the plaintiff did not identify those entities as New York entities, but as being of "740 Notre Dame Quest, Montreal, Quebec, Canada." The alleged September 2011 settlement agreement is not with Traeger Resources and Logistics of "New York" but rather of "Montreal, Quebec, Canada."[7]

Plaintiff has not responded to Defendants' allegations regarding personal jurisdiction over the various Defendants. The Court finds that Plaintiff has failed to meet its burden of showing that the proposed transferee court would have personal jurisdiction over the Defendants. The Court is "hesitant to transfer the case to a court where the question of jurisdiction is not clearly established."[8] Furthermore, Plaintiff has not shown that transfer would be in the interest of justice. Plaintiff has not alleged that if this case is dismissed the statute of limitations would bar refiling in a new venue. In fact, Defendants have alleged that the statute of limitations would

---

[7] Doc. 40 at 4–5 (internal citations omitted).

[8] *Grynberg*, 490 F. App'x at 106 (citing the district court opinion at *Grynberg*, 666 F. Supp. 2d at 1239, and concluding the district court rightly declined to transfer the action because the plaintiffs failed to show that the transferee court would have personal jurisdiction over the defendants).

not bar a new action, citing N.Y. C.P.L.R. 213(2)(8) (2003).[9]  The Court finds that transfer is not warranted in this case and the case should be dismissed without prejudice.  Plaintiff's counsel's motion to withdraw is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Transfer Case (Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that the Motion to Withdraw filed by Plaintiff's counsel (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that this case shall be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: April 2, 2014

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9]*See* N.Y. Limitations of Time § 213 (McKinney 2004).  Section 213(2) and (8) provide for a six year statute of limitations for actions upon a contractual obligation or liability and for actions based upon fraud.